IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN O'NEIL SIMPSON, | § | |
| (TDCJ No. 00738373), | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-146-P |
| | § | |
| GREG ABBOTT, et al., | § | |
| | § | |
| **Defendants.** | § | |

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

This case is before the Court for review of pro-se-inmate/plaintiff Stephen O'Neil Simpson's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Simpson has completed a civil rights complaint form with attachment pages as the operative pleading subject to screening and review. Compl. 1-10, ECF No. 1.[1] After reviewing the complaint, the Court finds that Simpson's claims must be denied under authority of these provisions.

I.    PLAINTIFF'S PLEADING

In the complaint, Simpson recites that he was convicted of aggravated sexual assault of a child younger than 13 years of age on December 6, 1995 in Tarrant County Texas, and now complains that the Tarrant County District Attorney's Office "presented no evidence of any kind and no DNA," such that he was "convicted on testimony alone." Compl. 7, ECF No. 1. Simpson has also recently filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging

---

[1]  Although the document is 21 pages long, the form complaint and attachment pages total only the first ten pages, and the balance of the document (Pages 11-21) is a second copy of the complaint. ECF No. 1.

1

this same conviction number 0574931D and 50-year sentence imposed in the 213th District Court, Tarrant County, Texas. Petition 2-3, *Simpson v. Director, TDC-CID*, No. 4:21-CV-097-O, ECF No. 1.  In this proceeding, Simpson named as a defendant Governor Gregg Abbott, on the basis that he "sent Governor Greg Abbott a copy of the C.I.U. (Conviction Integrity Unit) application that he could see what I have filed with the Tarrant County District Attorney's Office . . . and requesting a Pardon and Full Exoneration for this crime I am incarcerated for, but did not commit." Compl. 4, ECF No. 1. He has also named current Tarrant County District Attorney Sharon Wilson on the basis that the District Attorney's Office rejected his C.I.U. challenge to his conviction. Compl. 3, 5,  ECF No. 1. Simpson complains that the response from the District Attorney's office was that "they had done a thorough review of this Bogus case, and they are NOT doing anything else with it or about it . . . meaning: We convicted you WITHOUT evidence, and No D.N.A. and we see you DID send us scientific PROOF that you could NOT have committed the crime under review, but we are just going to Ignore that, and keep you locked in a cage!" Compl. 5, ECF No. 1. For relief in this action, Simpson seeks an order "demanding the Governor and District Attorney immediately release [him] with a Full Pardon and Exoneration from [his] Unlawful Conviction and Sentence . . . [and] grant him the sum of **100 BILLION** in damages!!!" Compl. 7, ECF No. 1.

## II.    PRELIMINARY SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Simpson is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Simpson is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua*

2

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor a "formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.   ANALYSIS

### A.   Failure to State a Claim Upon Which Relief May be Granted

When Simpson filed this action on a prisoner complaint form, he invoked the Court's federal question jurisdiction by seeking relief against the defendants under 42 U.S.C. § 1983.[2] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United

---

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

As noted, Simpson seeks a full pardon and exoneration. The Governor of Texas, based upon a recommendation of a majority of the Texas Board of Pardons and Paroles, may grant clemency. Tex. Const., art. IV, § 11; Tex. Code Crim. Pro. Ann. art. 48.01. There is, however, "no federal constitutional right to a clemency pardon." *See Cloud v. Cockrell*, No. Civ. A 3:02-cv-2789-L, 2003 WL 21448351, at *3 (N.D. Tex, Mar. 27, 2003); *see also Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) (holding that the power vested in a parole board to commute a sentence confers no federal constitutional right to a commutation). Relief may be had under § 1983 only for an alleged deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. Therefore, Simpson fails to state a cause of action upon which relief may be granted as to his claim for a pardon.

### B.  Absolute Immunity – District Attorney Sharon Wilson

The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate

---

suit in equity, or other proper proceeding for redress."42 U.S.C.A. § 1983 (West 2012).

for the [government]." *Imbler*, 424 U.S. at 431 n 33. Here, even assuming Simpson's allegations against District Attorney Wilson are true, Wilson would have taken such action in her role as a prosecutor on behalf of the State of Texas. Thus, defendant Wilson is entitled to absolute prosecutorial immunity from any claim for compensatory monetary damages.

C.     *Heck v. Humphrey* **Bar**

The Court also concludes that Simpson's claims are not cognizable under 42 U.S.C. § 1983. Simpson seeks from this Court monetary damages based upon the alleged failure of state prosecutors to have sufficient evidence to convict him, and the later failure of state officials to properly resolve any issues with regard to whether the absence of DNA evidence could exonerate him. Compl. 5-6, ECF No. 1. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). Although the *Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be made pursuant to *Heck. See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*).

5

Simpson's contention that there was "no evidence" to convict him, if found favorably by this Court, would implicitly question the validity of his conviction. *See Howard v. Johnson*, Civ. Action No. 2:18-cv-3, 2018 WL 4214396, at *1 (E.D. Tex. Sept. 4, 2018) (finding Plaintiff's claim in a § 1983 proceeding that there was no evidence to convict him barred by *Heck*). Likewise, Simpson's claim challenging the process of examining and reviewing the presence or lack thereof of DNA evidence, would implicitly question the validity of Simpson's conviction. In this regard the Fifth Circuit, in rejecting a prisoner's § 1983 DNA based challenge to his conviction, explained:

> Seys's allegations against the defendants concerned his claim that he was denied the chance to litigate fully his motion for DNA testing, which he sought to use to challenge the facts of his conviction and establish his innocence. A finding of deficiencies with regard to the proceedings surrounding the motion for DNA testing would necessarily imply the invalidity of his conviction and, if Seys were awarded the relief he requested, the validity of his conviction would be implicitly questioned.

*Seys v. Doucet*, 566 F. App'x 316, 318 (5th Cir. 2014); *see also Richards  v. District Attorney's Office*, No. 4:08-cv-468-Y, 2009 WL 136927, *2 (N.D. Tex. Jan. 20, 2009) ("Plaintiff's request to have this Court direct the production of biological evidence for DNA testing or to enjoin the defendants from withholding such evidence is not cognizable under 42 U.S.C. § 1983 and must be dismissed . . ." ).

Plaintiff Simpson has failed to establish that he has met the requirements set forth by the Supreme Court. Simpson remains in custody and he has not shown that the challenged imprisonment has been invalidated by a state or federal court. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995). As a result, Simpson's claims are not cognizable under § 1983 and must be dismissed.

6

IV.     ORDER

It is therefore **ORDERED** that plaintiff Stephen O'Neil Simpson's claim for a full pardon and exoneration is **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that Simpson's claim for monetary damages against Sharon Wilson is **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

It is further **ORDERED** that all Simpson's remaining claims are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck v. Humphrey* conditions are met,3 under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **15th day** of **June, 2021.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

3 *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

7